# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 90 CR 935 | **DATE** | 5/23/2000 |
| **CASE TITLE** | USA vs. Ricardo Villagrana | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Villagrana is therefore requested to supplement his 1997 filing with some further information as to the nature and identity of the guideline amendment that he says reduced the base offense level from 36 to 30 either as of November 1, 1994 or November 1, 1995. As soon as that information is provided, this Court will enter an appropriate order as to whether or not Villagrana is indeed entitled to any relief.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 25 2000 | |
| | Notified counsel by telephone. | | date docketed | 191 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/24/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 90 CR 935 |
| | ) | |
| RICARDO VILLAGRANA, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 25 2000

MEMORANDUM OPINION AND ORDER

This Court has just received a document that was filed by defendant Ricardo Villagrana ("Villagrana") over two and one-half years ago (in the fall of 1997)! What had happened is that the document, which Villagrana had signed on September 17, 1997, carried as part of its caption Case No. 93 CR 935 instead of 90 CR 935 (whether that mistake was Villagrana's or someone else's does not appear), so that the document understandably ended up in the wrong file. It turned up only when a large number of documents from disposed-of cases were recently sent from the Federal Records Center to this District Court's Clerk's Office for some other purpose, and an alert clerk spotted the mistake.

In any event, Villagrana's 1997 request was in the form of a motion for reduction of his sentence pursuant to 18 U.S.C. §3582(b)(2). What Villagrana states in support of that motion is that the Sentencing Guideline ("Guideline") range under which he had received an extremely long sentence of 420 months back in

November 1991 has since been changed by an amendment that the United States Sentencing Commission has made retroactive.

This Court has reviewed its retained copy of Villagrana's Presentence Investigation Report, which reflected a base offense level of 36, based on a quantity of at least 50 kilograms but less than 150 kilograms of cocaine, with that base offense level then being enhanced by two adjustments aggregating 6 levels (for an adjusted offense level of 42). But so far as this Court knows, that base offense level of 36 continues to be applicable to that large a quantity of cocaine even today (see Guideline §2D1.1(c)(2)). More particulars are needed from Villagrana as to the claimed Guideline change on which he seeks to rely.

Needless to say, this Court wishes to grant Villagrana any relief to which he is entitled by law. For that purpose, Villagrana is therefore requested to supplement his 1997 filing with some further information as to the nature and identity of the Guideline amendment that he says reduced the base offense level from 36 to 30 either as of November 1, 1994 or November 1, 1995. As soon as that information is provided, this Court will enter an appropriate order as to whether or not Villagrana is indeed entitled to any relief.

Milton I. Shadur
Date: May 23, 2000    Senior United States District Judge