Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 90 CR 935 | **DATE** | 5/26/2000 |
| **CASE TITLE** | USA vs. Ricardo Villagrana | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. This Court is prepared to deny Villagrana's motion unless he is able to provide some information as to some retroactive Guideline change other that the one discussed in this supplement. This Court would appreciate a response from Villagrana on or before July 5, 2000 in any event. If no word is received from Villagrana on or before that date, his motion will simply be denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 3 0 2000 | |
| | Notified counsel by telephone. | | date docketed | 192 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 5/26/2000 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 90 CR 935 ) |
| RICARDO VILLAGRANA, | ) |
| Defendant. | ) |

DOCKETED
MAY 3 0 2000

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's May 23, 2000 memorandum opinion and order directed Ricardo Villagrana ("Villagrana") to provide some added information to enable this Court to address his long-pending motion for reduction of sentence (a motion that, because the case number was wrongly identified as 93 CR 935, had been placed in the wrong court file and was therefore literally lost for some two and one-half years). This supplement is intended to reflect the result of some preliminary research done by this Court, which may or may not eliminate the need for a response by Villagrana.

Villagrana's motion suggested that the Sentencing Guideline ("Guideline") range pursuant to which he was sentenced back in 1991 had been reduced retroactively by a November 1, 1994 amendment. This Court has reviewed all of the Sentencing Commission's amendments that have been made retroactive pursuant to Guideline §1B1.10(c), and it appears that the only one that

might be viewed as fitting Villagrana's description is Amendment 505, which was adopted effective November 1, 1994 and which changed the base offense levels previously in effect for very large quantities of drugs (in the case of cocaine, 150 or more kilograms). But if that is in fact the amendment that Villagrana has in mind, he is simply mistaken, for Amendment 505 did not affect the portion of Guideline §2D1.1(c) that applied to a charge involving 50 to 150 kilograms of cocaine (which was Villagrana's offense). That charge's base offense level, which was 36 at the time of Villagrana's conviction and sentencing, has remained at 36 ever since that time.

Indeed, part of the explanation in Amendment 505 for the reason that the even larger drug quantities were to be treated less severely (by being given a maximum base offense level of 38, rather than going as high as 42) was this:

> This amendment sets the upper limit of the Drug Quantity Table in §2D1.1 at level 38. The Commission has determined that the extension of the Drug Quantity Table above level 38 for quantity itself is not required to ensure adequate punishment given that organizers, leaders, managers, and supervisors of such offenses will receive a 4-, 3-, or 2-level enhancement for their role in the offense, and any participant will receive an additional 2-level enhancement if a dangerous weapon is possessed in the offense.

As Villagrana knows, his own base offense level of 36 was

increased to an adjusted offense level of 42 based on exactly the kinds of enhancements that were described in the quoted language. If Villagrana's offense had involved more than 150 kilos of cocaine, his adjusted offense level would thus have been 44--but once again there has been no change to this Court's knowledge from the adjusted offense level of 42 that was referred to in Villagrana's presentence investigation report and that served as the basis for the sentence this Court imposed.

Accordingly this Court is prepared to deny Villagrana's motion unless he is able to provide some information as to some retroactive Guideline change other than the one discussed in this supplement. This Court would appreciate a response from Villagrana on or before July 5, 2000 in any event. If no word is received from Villagrana on or before that date, his motion will simply be denied.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: May 26, 2000